UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM CHVALA,<br><br>　　　　Movant,<br><br>vs.<br><br>J.W. COX in his capacity as WARDEN YANKTON FPC,<br><br>　　　　Respondent. | 4:21-CV-04092-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* petition of James William Chvala, an inmate at the Yankton Federal Prison in Yankton South Dakota. See Docket No. 1. Mr. Chvala seeks habeas relief under the First Step Act. Now pending is a motion to dismiss Mr. Chvala's habeas petition pursuant to 28 U.S.C. § 2241 without holding an evidentiary hearing. See Docket No. 9. Mr. Chvala opposes the motion. Docket No. 13. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Chvala asserts no facts in his petition except that he is seeking to have respondent immediately credit him with earned time credits pursuant to the First Step Act. See Docket No. 1. Mr. Chvala does not favor the court with

the length of his sentence, the number of credits he believes he has earned, the respondent's projected release date, or Mr. Chvala's own calculation of his release date. Id.

Respondent has indicated Mr. Chvala is serving a 60-month sentence for possession with intent to distribute methamphetamine. Docket No. 11-1 at pp. 2-3. Respondent asserts Mr. Chvala's projected release date is May 18, 2023. Id.

In response to the respondent's motion to dismiss, Mr. Chvala asserts he has accumulated sufficient programming credits to be given 4.5 months of earned time credits under the First Step Act. Docket No. 13.

## DISCUSSION

Without ruling on whether he is correct on the law or the facts, for purposes of the pending motion to dismiss, the court accepts as true the few facts Mr. Chvala does place into the record. He has a release date of May 18, 2023. He claims he is entitled to 4.5 months of credit under the First Step Act. Docket No. 13. Accordingly, if respondent were to immediately credit Mr. Chvala with 4.5 months of earned time credit, his projected release date would be approximately January 1, 2023.

Mr. Chvala does not articulate this fact, but from other litigation emanating from the Yankton Prison Camp, the court discerns that respondent has taken the position that it need not award any First Step Act credits until the final deadline for implementation of the act—January 15, 2022. Inmates like Mr. Chvala have objected to that delay of the full implementation of the Act

and are asking the court to force respondent to implement the Act and the credits they say they are entitled to now.

However, in Mr. Chvala's case, the facts show his claim is not now ripe and may never be ripe. "Article III of the United States Constitution limits the jurisdiction of federal courts to 'actual ongoing cases or controversies.' " Arango-Palacios v. Yankton FPC Warden, 4:21-cv-04061-LLP, Docket No. 16 at p. 2 (D.S.D. Aug. 9, 2021). Ripeness concerns the issue whether a live case or controversy has been presented and, if not, if it is likely to ever be presented. Id.

Even if Mr. Chvala is correct that the respondent is reading the First Step Act unlawfully by delaying implementation until January 15, 2022, even under a "best case scenario" asserted by Mr. Chvala, he would not be entitled to be released until January 1, 2023. See Docket No. 13.

There is nearly a year between January 15, 2022, and January 1, 2023, during which there is every possibility respondent will credit Mr. Chvala with the earned time credits he believes he should have under the First Step Act. If respondent does so, there will never be a live case or controversy presented. If respondent does not give Mr. Chvala credit, then there will be a live case or controversy and Mr. Chvala can refile a petition with the court at that time.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that respondent's motion to dismiss [Docket No. 9] be granted and that Mr. Chvala' § 2241 petition be dismissed without prejudice

for lack of subject matter jurisdiction—specifically a lack of ripeness. Should respondent fail to credit Mr. Chvala with the First Step Act earned time credits he believes he is due between January 15, 2022, and January 1, 2023, Mr. Chvala may refile his petition at that time.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of September, 2021.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge