UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM CHVALA,<br><br>           Petitioner,<br><br>vs.<br><br>YANKTON FPC WARDEN,<br><br>           Respondent. | 4:21-CV-04092-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL |

    Petitioner, James William Chvala, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Chvala seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6, 8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

    Respondent now moves to dismiss Chvala's petition for failure to exhaust administrative remedies, for lack of subject-matter jurisdiction, and for failure to state a claim. Docket 9. The Magistrate Judge entered a report and recommendation recommending Chvala's petition be dismissed without prejudice for lack of ripeness. Docket 15 at 3-4. Chvala objects to the report and recommendation. Docket 16. For the following reasons, this court overrules Chvala's objections, adopts the Magistrate Judge's report and recommendation in full, and grants respondent's motion to dismiss.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent states that Chvala has a projected release date of May 18, 2023, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program.[1] Docket 11 ¶ 4. Chvala did not indicate how many days of First Step Act (the "Act") time credits he believes he has earned in his initial petition. *See* Docket 1. In his objections to the Magistrate Judge's report and recommendation, Chvala now claims that he is owed 6 to 7.3 months of time credits through participation in evidence-based recidivism reduction programming and productive activities. *See* Docket 16 at 2. Respondent states that Chvala has completed zero hours of programming and activities.[2] Docket 10 at 14.

---

[1] Chvala had not yet completed the Residential Drug Abuse Program at the time that he filed his petition. Docket 11 ¶ 8. Chvala now claims that he has completed this program. *See* Docket 16-1 at 1.

[2] Respondent's calculation of zero hours of time credits grants Chvala no time credits for the Residential Drug Abuse Program because he had not completed

Respondent has taken the position that it has the discretion to determine whether the time credit incentives will be implemented before the end of the 2-year phase-in period under the Act, which covers the time period until January 15, 2022. Docket 10 at 19-22. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998)

---

that program. Docket 10 at 22-23, 29. If he has now completed the Residential Drug Abuse Program, Chvala has likely earned 500 hours, or 62.5 days, of time credits. *See* Federal Bureau of Prisons, *First Step Act Approved Programs Guide* 26 (July 2021), https://www.bop.gov/inmates/fsa/docs/fsa_program_guide_2107.pdf.

("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of respondent on whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

Chvala is the proper party to bring this claim. But there is not at this time and might never be a time when Chvala has a valid claim that he will lose days of time credits to which he is entitled under the Act. Under respondent's calculation, Chvala would be entitled to zero days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 10 at 22-23. Even if he has completed the Residential Drug Abuse Training Program, he would be entitled at the most to 31.25 days of time credits. *See First Step Act Approved Programs Guide* at 26. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of May 18, 2023, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Chvala's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court adopts the Magistrate Judge's report and recommendation dismissing this

4

matter for lack of subject-matter jurisdiction on ripeness grounds and overrules Chvala's objections.

 Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 9) is granted. Chvala's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

2. That the Magistrate Judge's report and recommendation (Docket 15) is adopted in full as supplemented herein.

3. That Chvala's objections (Docket 16) are overruled as moot.

Dated December 21, 2021

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE